639 A.2d 1187

Murray H. WITCHER, Jr., Appellee,

v.

Phyllis J. Herrmann WITCHER, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 20, 1994.

Filed April 4, 1994.

Phyllis J. Herrmann Witcher, pro se.

Eugene J. Malady, Media, for appellee.

Before WIEAND, HUDOCK and SAYLOR, JJ.

SAYLOR, Judge:

Defendant, Phyllis Herrmann Witcher (Wife), appeals from the order of the Court of Common Pleas of Delaware County awarding equitable distribution to her in the amount of sixty percent of the marital estate and denying her request for an award of alimony and an award of counsel fees against Plaintiff, Murray H. Witcher (Husband). Finding no abuse of discretion or error of law, we affirm.

Husband and Wife were married on April 8, 1961. Husband, age 55, is a graduate of the United States Naval Academy with a degree in engineering. Wife, age 55, is a college graduate with some experience working as a school teacher. Husband was in the United States Navy until 1967, when he began working for E.I. DuPont Company. Two children were born of the marriage; both children were adults when the parties separated on November 20, 1986. Husband is currently employed as a consultant at DuPont with an annual salary of approximately $61,000.00. Wife is not employed at a job that pays her compensation; however, she devotes her time to volunteer work, and is particularly involved in a non-profit organization which addresses divorce issues across the country. Wife's earning capacity would range from $20,000.00 to $25,000.00 annually, if she were to work as a secretary or a teacher.

On July 10, 1987, Husband filed a complaint for divorce, seeking a no-fault divorce under 23 Pa.C.S.A. §§ 3301(c) and 3301(d), and requesting equitable distribution of the parties' marital property. Wife initially filed an answer and counterclaim admitting all of the factual allegations and admitting the allegations in support of Husband's request for equitable distribution, but denying the allegations in support of Husband's request for divorce. Wife also added a request for alimony, alimony pendente lite, attorney's fees, and costs and expenses. Additionally, Wife sought the award of several life insurance policies owned by the parties. Wife later amended this counterclaim to include a request for a fault divorce under 23 Pa.C.S.A. § 3301(a)(1), (2) and (3).

A trial was held in January, 1992, at which time the trial court denied and dismissed Wife's counterclaim for divorce on the fault grounds of indignities, adultery and desertion. The trial court bifurcated the issue of equitable distribution from the divorce proceeding, and a divorce decree was subsequently entered, granting Husband's request for a no-fault divorce. Wife appealed the grant of the decree, which was subsequently affirmed by this court. Wife then filed an application requesting reargument/reconsideration en banc, which was

denied by this court. Wife then filed a petition for allowance of appeal, which is currently pending before the Pennsylvania Supreme Court.

Following this court's affirmance of the order granting the divorce decree, the trial court entered an order disposing of the collateral issues which Wife had raised in her answer and counterclaim to Husband's complaint in divorce. The trial court awarded sixty percent of the marital assets to Wife and awarded forty percent to Husband. Specifically, the trial court ruled that Wife was to receive the marital residence and its contents, and 48.85% of Husband's Navy pension. Husband was to receive 51.15% of his Navy pension, along with his DuPont pension, the DuPont stock in his name, and a DuPont savings and investment plan. Husband also was to receive the life insurance policies, a 1985 automobile and a pop-up trailer. Thus, Wife received a portion of the marital assets having an assigned value of $212,820.00, and Husband received a portion of the marital assets having an assigned value of $141,880.00. The trial court denied Wife's request for alimony and for an award of counsel fees against Husband. Wife then brought this appeal.

■ The trial court points out that although Wife served copies of documents entitled "Exceptions of Decision of Court in Equitable Distribution" and "Petition for Rehearing in Equitable Distribution" upon the trial court and Husband's counsel, Wife has failed to file a Motion for Post–Trial Relief, as required by Pa.R.C.P. 227.1 and *Pavie v. Pavie*, 414 Pa.Super. 294, 606 A.2d 1207 (1992) (following a de novo hearing before the trial court on the issue of equitable distribution, a party seeking review of the trial court's action must first file a Motion for Post–Trial Relief.). Therefore, Wife's claims regarding equitable distribution are deemed waived; however, in the interest of judicial economy, we will address Wife's arguments, which we find to be meritless.

Wife raises several novel arguments concerning the constitutionality of Pennsylvania's no-fault divorce statute. She claims that to allow evidence of marital misconduct to be

heard in regard to the award of alimony, but not in regard to equitable distribution, is a violation of equal protection and due process principles. She also alleges that the trial court abused its discretion in bifurcating the divorce proceeding from equitable distribution, contending that since the court had heard fault evidence in connection with alimony issues, she should have been allowed to litigate her entitlement to a divorce on fault grounds. Wife further argues that the trial court abused its discretion in "ignor[ing] principles of law, case decision, facts of the case, . . . manifest need, and fairness in adjudication in equitable distribution," which resulted in hardship to Wife, the dependent spouse. Finally, Wife claims that because the trial court refused to award her a portion of Husband's salary and DuPont pension, she has had to obtain public assistance; therefore, the state has an interest in all of Husband's sources of income which were established during the marriage, and Wife cannot be deprived of such "property" interests without an evidentiary hearing. We find all of these arguments to be meritless.

Wife's constitutional arguments address the fact that under the Divorce Code, 23 Pa.C.S.A. § 3101 *et seq.*, marital misconduct is a factor which the trial court may consider in awarding alimony under section 3701, but that under section 3502, such misconduct may not be considered by the trial court for equitable distribution of marital property. Furthermore, under section 3301(e), the trial court is not required to hold a hearing on any other grounds if the grounds for divorce have been established under the no-fault provisions of 23 Pa.C.S.A. § 3301(d). Wife claims that these sections violate the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

Wife is essentially asking us to hold that she, as the dependent spouse, has a fundamental right to continue to receive the economic benefits of her marriage to Husband, without taking into account her own earning capacity or independent sources of income, following the parties' divorce. Additionally, Wife argues that to permit Husband to obtain a no-fault divorce without allowing her to introduce evidence of

Husband's fault in regard to equitable distribution, or any other matter, is tantamount to depriving her of a fundamental right without a hearing, and is therefore a violation of her due process rights. We cannot agree.

■ First, we fail to find that Wife has been deprived of a fundamental right. Aside from ordering alimony, child support and equitable distribution, the courts cannot impose an obligation on an individual to continue to assume all the responsibilities of the marriage once the marriage has been terminated. The Pennsylvania legislature has provided for equitable distribution, as well as the award of alimony and child support, in appropriate cases to ensure that dependent spouses and their children are provided for after the termination of the marriage. In this case, the trial court considered factors such as: Wife's earning capacity; the availability of significant non-marital assets to Wife, including stocks and securities inherited from her mother, as well as a condominium purchased with funds from her mother's estate; and the absence of any dependent minor children. Thus, the trial court carefully considered Wife's needs and sources of income when it fashioned its order. No unconstitutional deprivation has occurred.

■ Furthermore, because Wife has not been deprived of any benefits to which she is statutorily entitled, her claim that she is entitled to an evidentiary hearing, according to the principles espoused in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), is meritless. Notwithstanding the fact that the trial court is not required to hold a hearing on any other grounds in no-fault divorce cases, 23 Pa.C.S.A. § 3301(e), Wife has, in fact, received a hearing on fault issues in connection with the issue of alimony during the divorce proceeding. The trial court, after hearing this evidence of fault, determined that Wife had not established the statutory elements which would entitle her to a divorce on fault grounds, and therefore, it granted Husband's request for a no-fault divorce. Wife has received all the process which is due to her.

Accordingly, the fact that Wife was denied a divorce on fault grounds does not constitute legal error by the trial court.

Wife's contention that sections 3502 and 3701 are a violation of the equal protection and due process clauses is also meritless. Apparently, Wife is seeking recompense for Husband's alleged misconduct, asserting that penalization for the marital misconduct of the obligor spouse should be one of the purposes for awarding alimony, and should also be a factor which the trial court is to consider when equitably distributing the marital property. Such an assertion conflicts with the legislative intent of the Divorce Code, as expressed in 23 Pa.C.S.A. § 3102(a):

**(a) Policy.** The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is the policy of the Commonwealth to:

(3) Give primary consideration to the welfare of the family *rather than the vindication of private rights or the punishment of matrimonial wrongs.*

23 Pa.C.S.A. § 3101(a)(3), (emphasis added); *see also, Perlberger v. Perlberger,* 426 Pa.Super. 245, 261, n. 17, 626 A.2d 1186, 1195, n. 17 (1993):

The legislature has attempted to account for human nature in the Divorce Code. The Commonwealth's policy eschews vindication of private rights and punishment for marital wrongs.'.... For practical purposes, however, this policy is difficult to implement; to some extent one party can delay or control the proceedings. Marriage should neither be entered or exited lightly, but if one party does desire to be free from the marital bond, the other party often has the opportunity, and the legal back-up, to exact a lopsided settlement or engage in endless delay tactics. One party, equipped with a legal arsenal, can hold the other hostage to his or her economic demands, essentially extorting a divorce settlement. The no-fault provisions were added as a detour around the adversarial justice system and the side-effects of that system—delay, conflict, discord, and mounting legal fees.... This is counter to the Commonwealth's policy,

and the antithesis of what the legislators had hoped to accomplish in enacting divorce reform.

*Id.*

■  Thus, the general philosophy of the Divorce Code has been to accomplish the dissolution of a marriage in a manner that recognizes the family's prior existence as both an economic and social unit, and that emphasizes future welfare of all family members, instead of in a manner that identifies and punishes the guilty party. *Gordon v. Gordon,* 293 Pa.Super. 491, 439 A.2d 683 (1981), affirmed 498 Pa. 570, 449 A.2d 1378 (1982). Wife is challenging the philosophy of a legislative enactment, and any remedy sought in connection with this argument lies with the legislature.

■  Finally, with regard to Wife's claims that the trial court abused its discretion in denying her alimony and counsel fees, we can reverse such an order only when the trial court has abused its discretion by failing to follow the proper legal procedure or by misapplying the law. *Uhler v. Uhler,* 406 Pa.Super. 414, 594 A.2d 688 (1991); *Williamson v. Williamson,* 402 Pa.Super. 276, 586 A.2d 967 (1991). Our standard of review in equitable distribution matters is the same. *Hill v. Hill,* 401 Pa.Super. 183, 584 A.2d 1040 (1991).

It is clear from the record that the trial court followed the proper legal procedures for equitable distribution of marital property and for determining whether to award alimony and counsel fees. The law was correctly applied; the fact that Wife does not agree with the law does not nullify the trial court's decision. Accordingly, we affirm the order of the trial court.

Order affirmed.