614 A.2d 299

Janice M. BARRETT

v.

Joseph J. BARRETT, Appellant.

Superior Court of Pennsylvania.

Argued July 16, 1992.

Filed Sept. 28, 1992.

Ben Josielevski, Scranton, for appellant.

Brian J. Cali, Dunmore, for appellee.

Before CIRILLO, TAMILIA and POPOVICH, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Lackawanna County. We reverse.

Janice M. Barrett (wife) and Joseph J. Barrett (husband) were married in Lackawanna County on August 4, 1973. Husband left the marital home in June of 1977 and the Barretts were divorced in September of 1977. In October of 1977, husband returned to the marital home where the parties cohabitated again, as common law husband and wife, until March of 1987 when husband permanently separated from wife. The marriage produced two children who are now seventeen and eleven years old. Both children presently live with wife, and husband has had no contact with the children aside from making monthly support payments.

Wife filed this action for divorce on April 16, 1987, on the grounds that the marriage was irretrievably broken and alternatively on the grounds of indignities. A master was appointed to determine whether a divorce should be granted and to resolve any additional matters relating to equitable distribution, alimony, child support, and other incidents due to the divorce. The master did not recommend the divorce on the grounds of irretrievability, but recommended it based on indignities.

The master recommended a full scheme for distribution of the marital property and payments of alimony, costs and liabilities of the marital estate. The master awarded the house and its contents to wife, as she had physical custody of the children. Wife assumed the mortgage liabilities against the house. Wife received: the value of one of the family cars, one-half of the marital savings account, one-half of the checking account, and one-half of husband's pension plan. Husband received: the two family cars, one-half of the checking and

savings accounts, one-half of the pension, certain Bell Telephone stock and an individual retirement account to which the master failed to attach a value. The master further recommended splitting marital liabilities equally, and that husband should repay a tax refund which was due wife. The master made recommendations related to child support and custody, which are now uncontested. Alimony was recommended in the amount of $400.00 per month for 120 months. Finally, the master recommended that husband pay one-half of wife's counsel fees and master's fee.

Husband filed exceptions to the master's recommendations which the trial court denied. The trial court entered a final order adopting the master's recommendations and this appeal followed. On appeal, husband raises the following issues:

1) Whether realty, purchased as entireties property during a first, ceremonial marriage, converted into a tenancy in common by the dissolution of that marriage, is reconverted in whole into entireties property by the mere fact of a subsequent common law marriage?

2) Whether a plaintiff's failure to file an original or updated inventory prior to hearing justifies sanctions against plaintiff upon motion of defendant?

3) Whether an award of alimony in the amount of four hundred dollars per month for a period of ten years was excessive under the circumstances?

4) Whether conduct occurring after final separation and the filing of an action in divorce may be considered "marital misconduct" for purposes of awarding alimony?

5) Whether employee stock ownership plans and 401(k) plans, accrued by appellant after final separation and the filing of a divorce complaint, constitute "marital property" subject to equitable distribution?

6) Whether, for equitable distribution purposes, an automobile should be valued as of the time of separation rather than at the time of hearing, some three years after separation?

7) Whether attorney's fees and costs may be awarded a plaintiff in a divorce for matters collateral or unrelated to the divorce action?

8) Whether it was unreasonable under the circumstances to charge the full master's fee and transcription, totaling some four thousand ($4,000.00) dollars?

9) Whether a court may "equitably distribute" certain marital debts previously discharged in bankruptcy or incurred after separation, where such order is clearly unrelated to support?

Husband first argues that only the increase in value of the house after the initial divorce was marital property. He contends the trial court erred in adopting the master's recommendation which determined that the entire house was marital property despite husband's assertions to the contrary. The master based his decision on the conclusion that the common law "remarriage" of the parties reinstated the tenancy by the entireties ownership. We find this conclusion to be in error.

 The Barretts' initial divorce terminated the entireties estate and created a tenancy in common. 23 Pa.C.S. § 3507. In order to resurrect the entireties estate, the Barretts would have had to make a new deed indicating the creation of a tenancy by the entireties. No such deed was created. "Two people who are not married to one another cannot hold title to land as tenants by the entireties; marriage, in addition to the unities of time, title, interest and possession, is an essential ingredient of such an estate." *Riccelli v. Forcinito,* 407 Pa.Super. 629, 634, 595 A.2d 1322, 1325 (1991), *citing Masgai v. Masgai,* 460 Pa. 453, 456, 333 A.2d 861, 863 (1975). Thus, the dissolution of the first marriage by divorce terminated the tenancy by the entireties. That form of ownership could only reoccur upon the drawing of a new deed.[1] Since the marital estate has been one of

---

1. We note that the Barretts did not have a joint tenancy either. In order to create a joint tenancy there must be a coalescence of four unities—time, title, interest, and possession. The divorce destroyed the unity of interest; what remained was a tenancy in common. *See* 23 Pa.C.S.A. § 3507(a).

tenancy in common since the first divorce in 1977, it may only include the increase in value attributable to the property after the commencement of the common law marriage. We, therefore, reverse the order and remand for a redetermination of husband's and wife's equitable distribution rights in accordance with this decision since, after its revaluation, the marital estate will substantially decrease.

█ Although the resolution of the first issue requires this case to be sent back to the trial court for revaluation of the marital estate, we are nevertheless concerned with the manner in which the court rendered its decision regarding the award of alimony. Husband alleges that the trial court's grant of alimony in the amount of four hundred dollars per month for a period of ten years is not supported by any findings of fact or testimony produced at trial. We agree. When reviewing an award of alimony this court "will reverse an order granting or denying alimony only for abuse of discretion by the trial court, and abuse of discretion will be found where trial court fails to follow proper legal procedure or misapplies law." *Uhler v. Uhler,* 406 Pa.Super. 414, 594 A.2d 688 (1991).

When determining the nature, amount, duration and manner of payment for an award of alimony the trial court must consider the seventeen factors set forth in 23 Pa.C.S.A. § 3701. The general rule stipulates that "where a divorce decree has been entered, the court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary." 23 Pa.C.S.A. § 3701. Recently this court held:

> In the context of determining amount of alimony or alimony pendente lite, proper employment of judicial discretion includes the mandate to apply the Divorce Code in a compassionate and reasonable manner to effectuate the overriding goal of achieving economic justice between the parties.

*Murphy v. Murphy,* 410 Pa.Super. 146, 599 A.2d 647 (1991).

█ After an exhaustive review of the evidence and testimony, we agree that wife has proven the requisite necessity to receive alimony. However, we find that the trial court abused its discretion by merely adopting the master's recommenda-

tion which failed to include a statement of reasons for awarding alimony in the amount of four hundred dollars per month for ten years. *Uhler, supra.* *See* 23 Pa.C.S.A. § 3701(d).

■ The record establishes that during the course of the marriage wife did not work and remained at home to care for the children. She has had no formal training or skills to obtain self-supporting full time employment, but testified that she has a legitimate interest in returning to school to acquire the requisite skills to obtain a self-supporting job. This evidence supports an award of rehabilitative alimony. However, the trial court did not substantiate the amount and duration of its award. *See* Pa.C.S.A. § 3701(d).

■ The purpose of alimony "is not to reward one party and to punish the other, but rather to ensure that reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." *McNulty v. McNulty,* 347 Pa.Super. 363, 371, 500 A.2d 876, 880 (1985). In *Mazzei v. Mazzei,* 331 Pa.Super. 432, 443, 480 A.2d 1111, 1116 (1984) this court held:

> Under certain circumstances, if a party receiving alimony is able to provide for his or her reasonable needs through employment, the court is to fashion an alimony award to be in effect only until such employment has been obtained or the party has developed an appropriate employable skill.

Accordingly, in *Ruth v. Ruth,* 316 Pa.Super. 282, 462 A.2d 1351 (1983) an award of alimony of $400.00 per month for ten years as initially made by the master was held to be violative of the rehabilitative purpose of alimony. This court determined that alimony in the amount of $400.00 per month for 2 years "is fair and reasonable and will provide the wife with an adequate period of time for financial and family adjustments required by the marriage dissolution." *Id.,* 316 Pa.Superior Ct. at 290, 462 A.2d at 1355.

■ In the case at bar, we cannot discern why the trial court granted an alimony award of $400.00 per month for ten years, nor is there any evidence in the record or the master's recommendation, adopted by the trial court, to substantiate

such an award. Rehabilitative alimony for ten years is excessive when a college education leading to a self-supporting job would require approximately four years. Thus, we find the trial court abused its discretion in failing to comply with the mandate of 23 Pa.C.S.A. § 3701(d). *Uhler, supra.*[2]

We reverse the trial court order and remand for further proceedings in accordance with this decision. Jurisdiction relinquished.

2. Due to our resolution of the first and third issues, we need not address the remaining claims since the trial court will, on remand, have to revalue the marital estate and redistribute it in accordance with this opinion.