Justices ZAPPALA and NIGRO join this dissenting opinion.

**William A. SMITH, Appellant,**

v.

**Mary Ann SMITH, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 24, 2000.

Filed March 17, 2000.

H. Denning Mason, Bellefonte, for appellant.

Robert B. Manchester, Bellefonte, for appellee.

Before CAVANAUGH, ORIE MELVIN and BROSKY, JJ.

BROSKY, J.

¶ 1 This is an appeal from the opinion and order of June 8, 1999, equitably dividing the marital estate of William A. Smith (Husband) and Mary Ann Smith (Wife). Husband appeals the trial court's determination that certain pension benefits accruing to the benefit of husband during the parties' first marriage, which ended in di-

vorce prior to the effective date of the Divorce Code, were marital property for purposes of equitable distribution in the parties' second marriage, and secondly that the court erred in imposing a constructive trust as to those benefits. We reverse.

¶ 2 The salient facts and procedural history are as follows:

¶ 3 Husband and wife were first married on December 1, 1972. During the first marriage, husband was employed by the Pennsylvania State Police where he accrued pension benefits under the State Employes' Retirement System. On October 2, 1979, husband, by counsel, filed a complaint for divorce under the prior divorce law.[1] On October 26, 1979, the wife, by counsel, filed an answer and counterclaim for divorce, claiming indignities to her person.

¶ 4 During the marriage, and throughout the first divorce proceeding, wife was aware that husband was entitled to receive a pension as a result of his employment with the Pennsylvania State Police. During the pendency of the proceedings wife met with her counsel on several occasions. Neither wife nor her counsel, made any inquiry or raised any claims with regard to any interest wife may have in husband's pension benefits. The parties did not enter into a property settlement agreement. A Master was appointed on January 31, 1980. On February 13, 1980, wife's counsel accepted service of a Notice of Master's Hearing scheduled for February 27, 1980. Neither wife nor her counsel appeared for the Master's Hearing. The Master filed a report on March 31, 1980, and a final decree in divorce was entered by the Court of Common Pleas of Centre County on April 2, 1980. Neither party filed an appeal, or moved to vacate or open the final decree. No petition was filed at any time by either party to proceed to equita-

---

1. The Divorce Law, Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1 et seq. (repealed).

ble distribution under the Divorce Code of 1980.[2]

¶ 5 Despite entry of the divorce decree, the parties continued to reside in the same house. On January 22, 1983, the parties remarried. Husband retired from the State Police on June 29, 1983. At that time, husband was made aware that the value of his pension benefits with the State Employes' Retirement System was approximately $283,000. Wife was also made aware of the value of husband's pension at this time.

¶ 6 Husband filed the instant divorce action on September 1, 1993 under the Divorce Code of 1990.[3] The case was bifurcated on September 26, 1994, with the Court of Common Pleas of Centre County entering a final decree in divorce, reserving however, jurisdiction to resolve the parties' respective economic claims.

¶ 7 On May 11, 1995, wife filed a Petition to Declare a Constructive Trust, and a hearing was held on July 12, 1995. Thereafter, the trial court entered an Opinion and Order on August 10, 1995, holding that "all property acquired from the date of the parties' first marriage on December 1, 1972, through the date of their remarriage in January, 1983 be considered as marital property held in 'Constructive Trust' and be equitably divided."[4] The trial court cited as authority for its decision to impose a constructive trust, this Court's ruling in *Major v. Major*, 359 Pa.Super. 344, 518 A.2d 1267 (1986).

¶ 8 On August 18, 1995, husband filed a Motion for Post–Trial Relief,[5] which was denied by the trial court on July 26, 1996. The trial court held as follows:

> Because of Plaintiff's (Husband) failure to disclose information regarding his Pennsylvania State Police pension, the proper remedy is for this Court to use its equitable powers and impose a constructive trust. 23 Pa.C.S.A. § 3505, *Major v. Major, supra.* The realities of the two marriages leads this Court to conclude that the Defendant (Wife) is entitled to equitable distribution of this substantial marital asset—the Pennsylvania State Police Pension. To hold otherwise would punish Defendant and ignore her contributions to this marriage.

Trial Court Opinion and Order, 7/26/96 at 6.

2. It should be noted that the Divorce Code of 1980, April 2, 1980, P.L. 63, No. 26, § 101, (23 P.S. § 101 et seq., repealed), was enacted by the legislature on March 25, 1980, and signed into law by the Governor on April 2, 1980, effective July 1, 1980. The Divorce Code of 1980 permitted litigants whose action had been filed under the Divorce Law, (23 P.S. § 1 et seq., repealed) to apply to the court to request permission to proceed under the Code. *See* Section 103 of the Code which provided:

> The provisions of this act, so far as they are the same as those of existing laws, are intended as a continuation of such laws and not as new enactments. The provisions of this act shall apply to all cases, whether the cause for divorce or annulment arose prior or subsequent to enactment of this act. **The provisions of this act shall not affect any suit or action pending, but the same may be proceeded with and concluded either under the laws in existence when such suit or action was instituted, notwithstanding the repeal of such laws by this act, or, upon application granted, under the provisions of this act. The provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act.** This act shall not affect any marital agreement executed prior to the effective date of this act or any amendment or modification thereto. 23 P.S. § 103 (emphasis added).

*See also Gordon v. Gordon*, 293 Pa.Super. 491, 439 A.2d 683 (1981), affirmed, 498 Pa. 570, 449 A.2d 1378 (1982); *Conrad v. Conrad*, 293 Pa.Super. 558, 439 A.2d 717 (1981).

3. The Divorce Code of 1990, Dec. 19, 1990, P.L. 1240, § 2 et seq., (23 Pa.C.S.A. § 3101 et seq.), succeeded the Divorce Code of 1980, April 2, 1980, P.L. 63, No. 26, § 101, (23 P.S. § 101 et seq. repealed).

4. Trial Court Opinion and Order, 8/10/95, at 1.

5. The Motion for Post–Trial Relief was properly treated by the court as a Motion for Reconsideration.

¶ 9 An Equitable Distribution hearing was held on June 9, 1998, at which point the parties entered into an agreement disposing of all other property issues except the husband's pension and retirement benefits. The parties then submitted proposed Findings of Fact, Conclusions of Law and Orders for the trial court's consideration. On June 8, 1999, the trial court entered an Opinion and Order: 1) adopting and incorporating the reasoning and directives of the Opinions and Orders of August 10, 1995 and July 26, 1996; 2) holding that husband's pension and retirement benefits with the State Employes' Retirement System shall be equitably divided based upon husband's contributions during the parties' first marriage from December 1, 1972, through the date of separation from the second marriage, April 12, 1994; and 3) awarding wife fifty percent (50%) of husband's State Employe's Retirement System pension.[6] Husband filed this timely appeal.

¶ 10 Our scope of review in equitable distribution matters is limited. Awards of alimony, counsel fees, and property distribution are within the sound discretion of the trial court and will not be disturbed absent an error of law or abuse of discretion. *Berrington v. Berrington,* 409 Pa.Super. 355, 598 A.2d 31, 34 (1991) citing *Ruth v. Ruth,* 316 Pa.Super. 282, 462 A.2d 1351 (1983).

¶ 11 Marital Property is defined by § 3501 of the Divorce Code as follows:

§ 3501 Definitions

(a) General Rule.—As used in this chapter, *"marital property"* means all property acquired by either party *during the marriage,* including the increase in value, prior to the date of final separation, of any nonmarital property acquired pursuant to paragraphs (1) and (3), *except:*

(1) *Property acquired prior to marriage* or property acquired in exchange for property acquired prior to the marriage.

. . .

(4) Property acquired after final separation until the date of the divorce, except for property acquired in exchange for marital assets.

23 Pa.C.S.A. § 3501(a) (emphasis added).

¶ 12 Section 3502(a) provides the general rule that "[i]n an action for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign, in kind or otherwise, *the marital property between the parties . . .*" 23 Pa. C.S.A. § 3502(a) (emphasis added).

¶ 13 Assets that are acquired before the marriage are not marital property, and therefore are not subject to equitable distribution under the Divorce Code. *Id. See also Bower v. Bower,* 531 Pa. 54, 611 A.2d 181 (1992) (property acquired 11 days prior to marriage not marital property and not subject to equitable distribution upon divorce); *Estep v. Estep,* 326 Pa.Super. 404, 474 A.2d 302 (1984), *rev'd on jurisdictional grounds,* 508 Pa. 623, 500 A.2d 418 (1985) (property acquired prior to marriage is not marital property and not subject to equitable distribution; trial court erred in equitably dividing property acquired by husband during cohabitation with wife prior to marriage); *Barrett v. Barrett,* 418 Pa.Super. 334, 614 A.2d 299 (1992) (entireties property converts to tenancy in common by operation of law upon entry of divorce decree, entireties property cannot be recreated by subsequent remarriage, trial court erred in equitably dividing spouse's tenancy in common interest upon second divorce action).

¶ 14 The issue in the instant case is whether the pension benefits accruing to the benefit of husband prior to date of the second marriage are marital property subject to equitable distribution. We hold that they are not. Wife's property rights

---

**6.** Trial Court Opinion and Order, 6/8/99, 8–9.

in the pension, which may have accrued during the first marriage, if any, were terminated when the first marriage ended in divorce with entry of the final decree in divorce on April 2, 1980. Although the Divorce Law did not provide the procedure for equitable distribution found in the Divorce Code, it is instructive to consider the general effect of the divorce decree as to property rights set forth in 23 Pa.C.S.A. § 3503, (formerly 23 P.S. § 401(j)) which provides:

§ 3503. Effect of divorce on property rights generally

*Whenever a decree or judgement is granted* which nullifies or absolutely terminates the bonds of matrimony, *any and all property rights* which are dependent upon such marital relation, save those which are vested rights, *are terminated unless the court otherwise expressly provides in its decree. All duties, rights, and claims accruing* to either of the parties at any time *theretofore in pursuance of the marriage shall cease,* and the parties shall severally be at liberty to marry again as if they had never been married. (emphasis added)

¶ 15 In *Bastion v. Bastion,* 324 Pa.Super. 569, 472 A.2d 226, 228 (1984) this Court considered whether the lower court erred in denying wife's application to proceed to equitable distribution under the Divorce Code, when a decree had been entered three months after the effective date of the code. This Court held in applying 23 P.S. § 401(j), that "[w]hen the divorce decree was granted with no specific reservation of property rights, under this section appellant lost any right to equitable distribution under the Code".[7]

¶ 16 Section 3503 is in accord with the law existing prior to the enactment of the Divorce Code. In *Barrett v. Barrett,* 418 Pa.Super. 334, 614 A.2d 299 (1992) husband and wife were married in 1973 and

owned real estate as tenants by the entireties. The parties separated in June 1977 and were divorced in September 1977 (under the Divorce Law of 1927). Mr. Barrett returned to the marital home in October 1977 and resided there continuously until Mrs. Barrett filed for divorce in 1987. The issue was whether wife could claim equitable distribution of the "entireties" property in the second divorce action. This Court ruled that wife could not, because the entireties property had been severed by the 1977 divorce decree. Only the increase in value of husband's resulting tenancy in common interest was subject to equitable distribution. *Id.* at 301, 614 A.2d 299.

¶ 17 Therefore, wife's claim to any pension rights accruing during the first marriage could only have been asserted in equitable distribution, had she petitioned the court to proceed under the Divorce Code prior to the entry of a final divorce decree, or after a successful attack upon the final decree. We are mindful of the possibility of uncertainty regarding the status of the law, and the effect of the much anticipated Divorce Code at the time that the first decree was entered; however, we must also consider the fact that wife was at all times represented by counsel, she did not appear at the Master's Hearing, did not appeal or move to vacate or open the decree at any time, and did not petition to proceed to equitable distribution under the Divorce Code.

¶ 18 The learned trial court has used its equitable powers to create a legal fiction that the parties' two marriages were really one marriage which was continuous from 1972, through the first divorce and subsequent remarriage, up until the time of separation in 1994. While we recognize that the court may have been attempting to bring "economic justice" to bear in this unique fact situation, we are unable to

---

**7.** *Compare Gordon v. Gordon,* 293 Pa.Super. 491, 439 A.2d 683 (1981), affirmed, 498 Pa. 570, 449 A.2d 1378 (1982) which held that application to proceed under Divorce Code filed after effective date of code, but prior to entry of divorce decree was proper.

sanction a clearly erroneous application of the law.

¶ 19 The intention of the court is reflected in its Opinion and Order of July 26, 1996 wherein the court states:

In the present case, economic justice dictates this [C]ourt impose a constructive trust. The parties were divorced on April 2, 1980, they continued to cohabitate together as husband and wife until their separation on April 12, 1994. Their cohabitation was continuous, from approximately five (5) months prior to their first marriage on December 1, 1972, through April 12, 1994, with · the exception of eight (8) months during the first divorce proceeding. During this period of cohabitation from 1972 until 1994, the parties contributed to the marriage and to the marital property...

. . .

The realities of the two marriages leads this [C]ourt to conclude that Defendant (Wife) is entitled to equitable distribution of this substantial marital asset – the Pennsylvania State Police Pension. To hold otherwise would punish Defendant and ignore her contributions to this marriage.

Trial Court Opinion, 7/26/96, at 5–6.

■ ¶ 20 It is also evident that the court considered the factors enumerated in 23 Pa.C.S.A. § 3502(a) (1–11) with respect to division of marital property, when it made its determination as to what constituted marital property. This, the court cannot do. *Berrington v. Berrington,* 409 Pa.Super. 355, 598 A.2d 31 (1991). In *Anthony v. Anthony,* 355 Pa.Super. 589, 514 A.2d 91 (1986) we held:

[U]nder the statute the court first determines what is marital property based upon the time of acquisition and then determines the equitable distribution of that property taking into account the factors in subsection 401(d).

Subsection 401(d) concerns the fair apportionment of marital property be-

tween the parties following a divorce, not the designation of assets as marital or nonmarital property. *Once the parties' property has been earmarked as either marital or nonmarital property according to the time of its acquisition and the subsection 401(e) exceptions, see 23 P.S. § 401(e)–(f), then the court may, in conformity with subsection 401(d) of the Code, equitably divide and distribute the parties' marital property after due regard for all relevant factors* among which are those listed in subsection 401(d) such as the "contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker." 23 P.S. § 401(d)(7).

*Id.* at 94 (emphasis added).

■ ¶ 21 In finding that the pension was marital property, the court emphasized the length of "the marriage", the wife's contributions to "the marriage", and the fact that the wife would be "punished" if the court did .not rule that the pension was marital property. This is an erroneous application of the law. *Anthony, supra.* The court must first determine what is marital property, and then apply the factors for distribution set forth in the Divorce Code.

■ ¶ 22 Furthermore, it is incorrect to apply "moral" grounds in order to determine what constitutes marital property. *Berrington v. Berrington,* 409 Pa.Super. 355, 598 A.2d 31, 34 (1991). As this Court stated:

Sacrifices made by a non-employee spouse during the early years of a marriage can be factored into a court's order distributing marital assets pursuant to Section 401(d) of the Divorce Code. However, it cannot be substituted for the statute's unambiguous definition of that which constitutes marital property. Marital property means all property ac-

quired during the marriage, with certain exceptions.

*Id.* at 38.

¶ 23 With respect to the court's finding that husband's pension benefits accruing during the period of the parties' cohabitation prior to the second marriage were included as marital property, we again find that the court erred. Assets acquired prior to marriage, even during a period of cohabitation are not marital property. 23 Pa.C.S.A. § 3502. *See also Bower and Estep, supra.*

¶ 24 Therefore, we hold that husband's pension benefits accrued prior to the date of the second marriage, January 22, 1983, are not marital property for purposes of equitable distribution in this divorce action.

¶ 25 Although our disposition of the marital property issue necessarily implicates that the "constructive trust" be dissolved, we write to address the propriety of the trial court's use of this remedy under the circumstances of this case. Clearly, the court has the authority to invoke a "constructive trust" under the appropriate circumstances. 23 Pa.C.S.A. § 3505(d) provides:

(d) Constructive trust for undisclosed assets.—If a party fails to disclose information required by subsection (b) and in consequence thereof an asset or assets with a fair market value of $500 or more is omitted from the final distribution of property, the party aggrieved by the nondisclosure may at any time petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets for the benefit of the parties and their minor or dependent children, if any. The party in whose name the assets are held shall be declared the constructive trustee, and the trust may include any terms and conditions the court may determine. ***The court shall grant the petition upon a finding of a failure to disclose the assets as required under subsection (b).*** (emphasis added) [8]

¶ 26 The trial court in supporting its order to create a constructive trust found that "[b]ecause of Plaintiff's (Husband) failure to disclose information regarding his Pennsylvania State Police pension, the proper remedy is for this Court to use its equitable powers and impose a constructive trust. 23 Pa.C.S.A. § 3505, *Major v. Major, supra.*" [9] However, the court's finding presumes that the husband was required to, or had a duty to disclose this information in the first divorce action. This is not the case.

¶ 27 Under the Divorce Law there was no provision for equitable distribution, and therefore no disclosure requirement. Since there was no application presented to the court to proceed under the Divorce Code, there also would have been no duty to disclose imposed upon husband by virtue of 23 Pa.C.S.A § 3505 (formerly 23 P.S. § 403(b)(c)).

¶ 28 Secondly, 23 P.S. § 103 (repealed) specifically provided that "[t]he provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act." Therefore, the Code cannot be applied to matters arising prior to the effective date of the Code, where a final decree has already been entered, such as the case at bar.

¶ 29 Finally, *Major v. Major*, 359 Pa.Super. 344, 518 A.2d 1267 (1986) is distinguishable, inasmuch as Major was subject to the requirements of the Divorce Code, and therefore had a duty to disclose under § 3505. For the reasons set forth herein and *Bastion, Gordon and Barrett, supra*, the provisions of the Divorce Code did not apply to the parties at the time of the first

---

8. Subsection (b) of the statute which required the parties to file inventory and appraisements was suspended by order of the Supreme Court on May 17, 1991, effective July 1, 1991, and has been replaced in substance by 42 Pa.C.S.A. § 1920.33(a).

9. Trial Court Opinion, 7/26/96, at 7.

divorce. To hold otherwise is a misapplication of the law and therefore error.

¶ 30 Reversed and remanded. Jurisdiction relinquished.