J-A16007-16
J-A16008-16

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| SUSAN KATZ, | ⋮ | IN THE SUPERIOR COURT OF |
| | ⋮ | PENNSYLVANIA |
| Appellee | ⋮ | |
| | ⋮ | |
| v. | ⋮ | |
| | ⋮ | |
| JAMES R. KATZ, | ⋮ | |
| | ⋮ | |
| Appellant | ⋮ | No. 1653 WDA 2015 |

Appeal from the Order October 9, 2015
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD03-000652-008

| | | |
|---|---|---|
| SUSAN KATZ, | ⋮ | IN THE SUPERIOR COURT OF |
| | ⋮ | PENNSYLVANIA |
| Appellant | ⋮ | |
| | ⋮ | |
| v. | ⋮ | |
| | ⋮ | |
| JAMES R. KATZ, | ⋮ | |
| | ⋮ | |
| Appellee | ⋮ | No. 1723 WDA 2015 |

Appeal from the Order October 9, 2015
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD03-000652-008

| | | |
|---|---|---|
| SUSAN KATZ, | ⋮ | IN THE SUPERIOR COURT OF |
| | ⋮ | PENNSYLVANIA |
| Appellee | ⋮ | |
| | ⋮ | |
| v. | ⋮ | |
| | ⋮ | |
| JAMES R. KATZ, | ⋮ | |
| | ⋮ | |
| Appellant | ⋮ | No. 123 WDA 2015 |

J-A16007-16
J-A16008-16

Appeal from the Order December 17, 2014
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD03-000652-008

| SUSAN KATZ, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | | |
| v. | | |
| JAMES R. KATZ, | | |
| Appellee | | No. 390 WDA 2015 |

Appeal from the Order December 17, 2014
in the Court of Common Pleas of Allegheny County
Family Court at No(s): FD03-000652-008

BEFORE: SHOGAN, OLSON, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED NOVEMBER 03, 2016**

I join the Majority's resolution of most of the myriad issues presented by these parties. However, I disagree with the disposition of Wife's issue concerning Husband's receiving credit for the Missing Jewelry and Husband's issues related to his being saddled with all the costs of the Enclave and Distinct Coatings lawsuits.

The trial court declined to omit non-marital items when awarding Husband his share of the value of the Missing Jewelry, stating that "Wife

_____

* Retired Senior Judge assigned to the Superior Court.

- 2 -

should not be rewarded for her lack of good faith" in concealing the whereabouts of the items and testifying incredibly that she forgot.[1] Trial Court Opinion, 8/10/2015, at 21. The Majority declines to disturb the trial court's ruling, claiming that a credibility determination, which is "within the sole province of the trial court," is "at the core of this issue." Majority Memorandum at 16. I disagree.

The trial court did not hold that Wife offered incredible testimony to support her claim that items among the Missing Jewelry were her separate, non-marital property. The credibility determination went to her excuse for not disclosing the location of the items. While the trial court has means to sanction a party for acting in bad faith, it simply does not have the authority to distribute non-marital property. *See*, *e.g.*, *Smith v. Smith*, 749 A.2d 921, 924 (Pa. Super. 2000) ("Assets that are acquired before the marriage are not marital property, and therefore are not subject to equitable distribution under the Divorce Code."). Accordingly, I would hold that Husband's share of the Missing Jewelry should be limited to 50% of the marital value of the items.

---

[1] The trial court also indicated that Wife had filed no exception to the Master's ruling that Husband was to be awarded 50% of the value of the Missing Jewelry upon its being found. Trial Court Opinion, 8/10/2015, at 20. However, Wife did contest the Master's ruling with her exceptions filed on September 16, 2011. Exceptions, 9/16/2011, at ¶ 21 ("The Master erred in recommending that Husband receive a credit of 50%–or any percentage–of the values of items on Exhibit 34 ['List of Missing Jewelry')] which … are Wife's non-marital property.").

The trial court also determined that Husband should bear 100% of the costs and expenses of the Enclave lawsuit, as well as all of the damages arising from the Distinct Coatings lawsuit. Although both liabilities relate to marital businesses, the trial court reasoned that Wife should bear none of the Enclave costs because "Wife was excluded from any dealings regarding the development of The Enclave, which was solely managed by Husband." Trial Court Opinion, 8/10/2015, at 15. Similarly, the trial court declined to distribute to Wife any of the Distincts Coating debt, which resulted from a painting subcontractor's dealings with Coventry Estates, because "Wife was effectively 'out of the picture'" with regard to the business, and "had no opportunity to exercise any responsibility over the carrying out of the contract." *Id.* at 19. The Majority summarily concluded that these decisions were neither error nor an abuse of discretion. Majority Memorandum at 29, 32.

The Majority recognizes that Coventry Estates and The Enclave are both marital businesses subject to equitable distribution. Majority Memorandum at 5. The fact that Husband was the one who made all of the decisions for the businesses and handled the businesses' dealings has not kept Wife from being awarded a fair share of the **assets** of those businesses. Correspondingly, her lack of participation is not a reasonable basis for insulating Wife from these debts occasioned by the same

- 4 -

companies. I would hold that the trial court's decision to place the entirety of those debts upon Husband was an abuse of discretion. **Accord Aletto v. Aletto**, 537 A.2d 1383, 1385 (Pa. Super. 1988) (indicating that a trial court's award of the entirety of a piece of the marital property (the increased value of the wife's stock) to the wife for the reason that "[n]one of the parties' activities during the marriage enhanced the value of the stock" would be an abuse of discretion).

Therefore, I respectfully dissent.